### The Fritheoff.

(District Court, D. California. February 8, 1881.)

SEAMEN'S WAGES—PAYMENTS TO BE AFFIRMATIVELY ESTABLISHED.

  Where the seaman shows himself entitled to a certain amount of wages, it is for the master to show payment in whole or in part; and where the testimony is conflicting and equally balanced on the question of payments claimed by the master to have been made, but of which there is no corroborative evidence, and nothing to justify rejecting the seaman's evidence, the case must be decided against the party on whom rests the burden of proof and duty of making out his case affirmatively.

Daniel T. Sullivan, for libelant.

A. P. Van Duzer, for claimant.

HOFFMAN, D. J. There is no dispute as to the amount of wages earned by the libelant on the two voyages, viz., $134.94. The captain claims to have paid him on account various sums, the greater part of which the steward admits. The master took no receipts, and kept no accounts. He fails to produce a single written memorandum of any payment whatever. The man having shown himself entitled to a certain sum, it is for the master to show payment in whole or in part. The testimony being conflicting, and there being no circumstances developed which justify me in rejecting the steward's evidence, I must decide the matter against the party upon whom rests the burden of proof and the duty of making out his case affirmatively. The man admits having received $32. He charges the captain $1.50 for a pig supplied him. This does not appear to be disputed. I think, too, the evidence shows pretty clearly that two dol-

lars should be charged to him for time lost, and one dollar for a boat, making in all $32.50 to be deducted from gross earnings. If the master is not allowed all the credits for payments on account to which he is entitled, he has only himself to blame for the loose manner in which he conducted his business. It seems incredible that a person owning several vessels, and commanding one, should have failed to obtain receipts or make any writing whatever showing the numerous payments he claims to have made. The master also claims an offset against the steward on account of the balance of a lot of cigars given or sold to the steward a year and a half ago, at the beginning of a former voyage. It is not quite clear from the captain's statement what the transaction was,—whether a sale to the steward, with the right on the part of the latter to return as many of the cigars as he should be unable to dispose of, or a bailment to him to sell them on the master's account. The steward denies the whole matter, and insists that he never bought or had anything to do with the cigars. There is no written memorandum of any kind of the transaction, nor any corroborative proof. I must apply the same rule to this claim as to the payments on account. The case is even stronger; for this demand is claimed to have arisen at the beginning or in the course of a voyage long since ended, and for which full settlement was made and the man paid by a draft on this city. Two voyages have since been made by the libelant in the same vessel, and it is to his claim for wages on these that the demand in question is set up as an offset.

It is evidently a stale and, I think, doubtful claim. It is certainly not established by a preponderance of affirmative proof. The most that can be said is that the proofs are balanced.

I shall allow the claim for $6.50 paid by the master to one Richards at libelant's request. His testimony is corroborated by that of another witness.

The four dollars for a woolen shirt I cannot allow, for the reasons above given. The steward denies that he received it; and the master has no testimony but his own oath, against the oath of the steward.

I shall allow the steward $8.75 which he appears to have paid for a chart, etc., furnished to the vessel. He bought the articles, perhaps, without authority, but the captain ratified the purchase, by accepting and appropriating them, and he admits they were needed by the vessel.

I at first thought the captain's claim for $14 for a gun purchased by the steward should be peremptorily rejected, as the credit seemed

to have been given by the vendor to the man; and the master has neither paid nor was under any legal liability to pay for the steward's purchase. On examining my notes, however, I find that the clerk of the vendor swears that the gun was bought by the steward in the captain's name. If so, the credit was given to the latter,—a view of the transaction corroborated by the fact that the gun was charged in the vendor's books against the master, and not against the steward.

The master, on being applied to, seems to have assumed the liability. My recollection is that he only agreed to pay it out of the steward's wages; but my notes contain no such qualification. The gun has since been returned by the steward to the vendor, who seems not to have rescinded the sale, but to hold the gun for his lien. It would evidently be unjust to deduct this amount from the steward's claim, unless the master pays it; and he may very probably defeat any action by the vendor against him. On the other hand, if the vendor should recover from the master, injustice will have been done him by a refusal to recognize his liability and to allow him the deduction claimed. I shall, therefore, hold this item in abeyance. If the steward will produce a memorandum from the vendor rescinding the sale, or accepting a sum in settlement thereof, and releasing the master, I will disallow the deduction. Otherwise, I shall impound the sum in the registry until the master's liability is determined. The accounts will therefore stand:

| | |
|---|---:|
| Amount earned, | $134 94 |
| Less payments, etc., $32.50, | 32 50 |
| | $102 44 |
| Add payment for chart, $8.75, | 8 75 |
| | $111 19 |
| Less $6.50, paid by libelant's request, | 6 50 |
| | $104 69 |

—For which sum a decree will be entered, but of which $14 will be retained in the registry.